UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 26-01814-KK-AYPx** | Date: | April 27, 2026 |

Title:  *Ivy Hilton v. Immanuel Community Place, et al.*

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order to Show Cause Why In Forma Pauperis Application Should Not Be Denied Due to Lack of Subject Matter Jurisdiction**

On February 19, 2026, plaintiff Ivy Hilton ("Plaintiff") filed a complaint, along with an application to proceed in forma pauperis.  ECF Docket ("Dkt.") No. 1, Complaint ("Compl."); dkt. 2.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., Inc., 993 F.3d 720, 723 (9th Cir. 2021).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Here, Plaintiff submits a sparse form complaint that does not provide sufficient information for this Court to conclude it has subject matter jurisdiction.  It appears Plaintiff seeks to sue a residential facility; however, Plaintiff does not assert any federal claims, nor does the Court find any other basis for this Court to exercise federal question jurisdiction.  While Plaintiff refers to the facility receiving government funding, Compl. at 2, that stray reference is not sufficient.

Additionally, while Plaintiff does not assert diversity jurisdiction, there are no facts from which this Court can conclude it has diversity jurisdiction.  Plaintiff fails to allege complete diversity

of citizenship or the amount in controversy exceeds $75,000.  <u>See</u> 28 U.S.C. § 1332.   Thus, there is no basis for this Court to exercise diversity jurisdiction.

**Therefore, the Court postpones ruling on Plaintiff's application, and Plaintiff is ORDERED TO SHOW CAUSE in writing no later than ten (10) days from the date of this Order why her application should not be denied due to lack of subject matter jurisdiction. Plaintiff is explicitly warned failure to timely respond will result in this matter being dismissed without prejudice for failure to prosecute and comply with Court Orders.  <u>See</u> Fed. R. Civ. P. 41(b).  The Court notes dismissal without prejudice would permit Plaintiff to file this action in state court.**

**IT IS SO ORDERED**.